IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP, <br><br> Plaintiff, <br><br> v. <br><br> DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., <br><br> Defendants. | Civil Action No: 3:20-CV-376 |

DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY,
TO TRANSFER TO THE WESTERN DISTRICT OF TEXAS

Defendants DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") respectfully submit this memorandum in support of its motion to dismiss this declaratory judgment action filed by Plaintiff G&H Diversified Manufacturing LP ("G&H").

I.  **INTRODUCTION**

This case should never have been filed. It is a bald effort by G&H to change the forum for a patent infringement dispute that is *already pending* in the Western District of Texas by attempting to subvert a straightforward application of the first-to-file rule. DynaEnergetics filed a patent infringement lawsuit in the Western District of Texas against Yellow Jacket Oil Tools, LLC ("Yellow Jacket"), a separate but closely related entity to G&H, a fact that G&H was well aware of but failed to mention in its complaint

1

or in its corporate disclosure statement. Tacitly acknowledging the close relationship between it and Yellow Jacket, G&H asserted in the Complaint that DynaEnergetics sent a letter to G&H that "demanded that G&H confirm in writing . . . that G&H would cease importing, making, using, marketing, promoting, selling, or offering for sale" G&H's Pre-Wired Perforating Gun product in the United States. Dkt. 1 ¶10. But DynaEnergetics sent that letter to <u>Yellow Jacket</u>, not G&H, regarding Yellow Jacket's infringing "YJOT Pre-Wired Perforating Gun"—a fact G&H conveniently failed to mention in the complaint. After receiving no response from Yellow Jacket—again, not G&H—DynaEnergetics filed a patent infringement lawsuit in the Western District of Texas against Yellow Jacket on December 4, 2020.[1]

In an attempt to distance itself from DynaEnergetics' infringement allegations, counsel for Yellow Jacket (who is also counsel for G&H) recently filed a motion to dismiss the Western District of Texas action, for the first time making claims that Yellow Jacket, which is a registered corporate entity separate from G&H, is in essence a fictional entity that does no business, while G&H is responsible for the infringing products. Yet testimony from Yellow Jacket's own declarant suggests that Yellow Jacket and G&H are alter egos of one another with G&H being the sole member of Yellow Jacket.[2] Taking these allegations as true and since G&H has voluntarily raised its hand as an additional

---

[1] *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (WDTX).

[2] *See DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (WDTX), Dkt. 16-1 (Decl. of John Kaiser).

infringing party, G&H has now been named as a co-defendant in the Western District of Texas action alongside Yellow Jacket.[3]

This action involves the exact same subject matter (and now identical parties) as the earlier-filed Western District of Texas lawsuit and is therefore redundant and an obvious attempt to avoid application of the first-filed rule.  G&H's blatant forum shopping should not be countenanced, and this Court should decline to exercise jurisdiction under the first-to-file rule, or alternatively, transfer to the forum of the first-filed lawsuit against Yellow Jacket (and now G&H) in the Western District of Texas.

## II.   FACTUAL BACKGROUND

DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies.  DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.  In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired perforating gun assembly.  These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent") which issued on November 24, 2020 from U.S. Patent Application No. 16/585,790 (the "'790 Application").

---

[3] *See DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (WDTX), Dkt. 17 (First Amended Complaint) (adding G&H Diversified Manufacturing LP as a party to the lawsuit).

In an effort to protect its innovative inventions, DynaEnergetics discovered that Yellow Jacket was advertising the manufacture and sale of a pre-wired perforating gun that infringes on DynaEnergetics' patents, including the '697 Patent, on its website which states that "Yellow Jacket Oil Tools is a full-service manufacturer and distributor of completion tools and oilfield perforating systems," and advertises the manufacture and sale of a "YJOT Pre-Wired Perforating Gun." Ex. A at 2; Ex. B. Yellow Jacket's website also includes a page that describes the Yellow Jacket "team." Under a banner stating "Meet the Experts Behind Yellow Jacket Oil Tools," the Yellow Jacket website lists Mr. Jimmy Kash as the president of Yellow Jacket, along with other members of Yellow Jacket's executive team. Ex. C. Though the Yellow Jacket executive team appears to have the same president and executive team as G&H and email addresses with a "ghdiv.com" domain, Yellow Jacket Oil Tools, LLC is a separately registered and taxable company in the state of Texas, with its own line of products manufactured under the Yellow Jacket name and brand.

DynaEnergetics sent a letter addressed to Mr. Jimmy Kash as the president of Yellow Jacket on September 11, 2020. In its letter, DynaEnergetics notified Yellow Jacket that DynaEnergetics is the owner of the then-pending '790 Application and that the corresponding patent was expected to issue imminently. Ex. D. The letter also stated that DynaEnergetics was aware that Yellow Jacket was making, using, importing, and/or selling perforating guns and equipment in the United States that were encompassed by one or more of DynaEnergetics' patents and patent applications, and specifically named Yellow Jacket's Pre-Wired Perforating Gun as advertised on its website as an infringing

4

product. After not receiving any response from Yellow Jacket, DynaEnergetics filed a lawsuit against Yellow Jacket on December 4, 2020 in the Western District of Texas.

Ten days after DynaEnergetics filed suit, G&H filed the present lawsuit. G&H filed a certificate of interested parties and corporate disclosure statement (Dkt. 6), omitting any mention of Yellow Jacket, despite G&H being the sole member of Yellow Jacket.[4] On December 29, 2020, counsel for DynaEnergetics reached out to counsel for G&H regarding G&H's omission of the relevant first-filed lawsuit against Yellow Jacket in its complaint and requested G&H withdraw the present action to avoid unnecessary motions to dismiss or transfer this action to the first-filed forum. On January 26, 2021, G&H's counsel responded and admitted that G&H received the letter addressed to Yellow Jacket and that G&H manufactures the accused YJOT Pre-Wired Perforating Gun and sells and markets the accused perforating guns under the Yellow Jacket Oil Tools brand name. However, G&H's counsel inexplicably defends this present second-filed declaratory judgment action based on the fact that DynaEnergetics addressed its initial September 11, 2020 letter to "Yellow Jacket Oil Tools, <u>LP</u>" instead of "Yellow Jacket Oil Tools, <u>LLC</u>," implying that because "Yellow Jacket Oil Tools, LP" is not an entity that exists, it does not matter for purposes of the first-to-file rule that DynaEnergetics filed lawsuit against Yellow Jacket Oil Tools, LLC first. G&H ignores that the actual <u>lawsuit</u>—not a letter—was filed against Yellow Jacket Oil Tools, <u>LLC</u>. G&H's attempt

---

[4] G&H did list the Western District of Texas Action (without referencing Yellow Jacket) on the Civil Cover Sheet (Dkt. 4-3), but otherwise makes no mention of the first-filed action against Yellow Jacket in the pleadings.

5

to hide behind a typographical error and artificial corporate structure should not be countenanced.

DynaEnergetics respectfully requests that this Court decline to exercise jurisdiction over this action, or in the alternative transfer to the Western District of Texas, under the first-to-file rule. This Court should not permit G&H to forum shop and circumvent the first-filed Yellow Jacket lawsuit by filing this declaratory judgment action in a different jurisdiction when, by Yellow Jacket's own admission, it is a proper party to the Western District of Texas lawsuit and has now been formally joined to the first-filed lawsuit.[5]

### III.   ARGUMENT

Under the first-to-file rule, "federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues." *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 630 (W.D. Tex. 2018) (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). The first-to-file rule is "the general rule favoring the forum of the first-filed case, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citations omitted); *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (explaining generally that "the court initially seized of a controversy should be the one to decide whether it will try the case"). "The [first-to-file] rule rests on principles of comity and sound judicial administration and the concern underlying the rule manifestly

---

[5] *See*, *supra*, n. 3.

6

is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *In re Amerijet, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015) (citations omitted).

Notably, under the first-to-file rule, "the cases need not be identical; rather, the crucial inquiry is one of substantial overlap." *Id.* (citations omitted). When determining substantial overlap, courts look at whether the "core issue" in the cases are the same, whether "much of the proof adduced . . . would likely be identical," and whether the cases involve the same parties. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citations omitted); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997). Where there is less than complete overlap between cases, courts have also looked to factors such as "the extent of the overlap, the likelihood of conflict, the comparative advantage and interest of each forum in resolving the dispute." *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (quotations and citations omitted). "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).

There is substantial overlap between this action and the earlier-filed against Yellow Jacket in the Western District of Texas action. Both cases involve the same core issue—namely, infringement of the '697 Patent resulting from the manufacture and sale of the YJOT Pre-Wired Perforating Gun. In other words, both actions involve allegations of infringement of the same patent against the same accused product. Because the core issue is the same in both actions, "much of the proof adduced" in both actions "would likely be identical." *Int'l Fid. Ins. Co.*, 665 F.3d at 678. For example, both actions will

require proof regarding the manufacture and sale of the accused YJOT Pre-Wired Perforating Gun, including which party is responsible for the manufacture and sale of the accused products—Yellow Jacket and/or G&H.  Both actions will also require a comparison of the elements of the YJOT Pre-Wired Perforating Gun to the limitations of the '697 Patent.  Because the actions involve the same patent and the same accused products, there will be substantial overlap in discovery, depositions, and claim construction between the actions.  There will also likely be substantial overlap in technical information regarding the accused product and key fact witnesses—many of whom are employees of both Yellow Jacket and G&H—which strongly weighs in favor of dismissal or transfer.  *See Dripping Wet Water, Inc. v. Halox Techs., Inc.*, No. SA-03-CA-1048-OG, 2004 U.S. Dist. LEXIS 18532, at *64 (W.D. Tex. Mar. 22, 2004) (applying first-to-file rule and transferring case, noting the "likelihood that many of the same witnesses will testify and that much of the same technical information will be introduced in both cases").

Both cases involve the same parties (except Yellow Jacket, which is not a party to this declaratory judgment action).  As outlined above, G&H has been joined as a defendant in the Yellow Jacket lawsuit based on Yellow Jacket's allegations that G&H is the sole member of Yellow Jacket, which apparently functions as an alter-ego of G&H, and is responsible for the manufacture of the YJOT Pre-Wired Perforating Gun. Importantly, although G&H was only recently added to the first suit, a change of parties in the first suit after it is filed does not affect the application of the first-to-file rule. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 184-186 (1952)

(affirming order staying a second-filed declaratory-judgment action brought by manufacturer against patentee even though the manufacturer was added as a party to the patentee's first-filed suit against distributor/customer after it had filed its second-filed declaratory judgment action); *see also Wapp Tech Ltd. P'ship v. Seattle Spinco, Inc.*, No. 4:18-CV-00469, 2020 WL 1289563, *2-4 (E.D. Tex. 2020), *denying mandamus*, 817 F. App'x 987, 988 (Fed. Cir. 2020) (finding that the patentee's patent infringement suit was the first-filed suit even though the suit was later amended to add subsidiary corporations of the original named accused infringer, and the original named accused infringer was eventually dismissed from the suit). Consequently, the addition of G&H to the Yellow Jacket lawsuit does not affect the straightforward application of the first-to-file rule. *See Save Power Ltd.*, 121 F.3d at 950 ("[C]omplete identity of parties is not required for dismissal or transfer of a case subsequently filed to a substantially related action."). Indeed, the fact that G&H is a party in both lawsuits provides additional justification for this Court to eliminate the risk of wasteful and duplicative litigation and potentially inconsistent results by declining to exercise jurisdiction in this case and transferring the case to the Western District of Texas.

Moreover, DynaEnergetics' first-filed Yellow Jacket lawsuit will ultimately result in the determination of the infringement of the '697 Patent by the YJOT Pre-Wired Perforating Gun, and a calculation of the damages owed to the DynaEnergetics, if any. If the cases proceed on parallel tracks in separate jurisdictions, there is a high risk of inconsistent or conflicting rulings regarding the same patent, the same accused product, and near-identical (and highly related) parties. Indeed, it is possible that this court and

the Western District of Texas could issue conflicting rulings on claim construction and/or infringement, which could hinder DynaEnergetics' ability to enforce its patent rights against other parties and in other jurisdictions. Therefore, in declining to exercise jurisdiction, or alternatively transferring to the Western District of Texas, this Court would prevent inconsistent patent-related decisions in the two sets of cases and would also conserve judicial and party resources.

Finally, the Western District of Texas has an interest in resolving the dispute based on DynaEnergetics' allegations in the Western District of Texas action that Yellow Jacket and G&H have manufactured, distributed, sold, and/or offered to sell the YJOT Pre-Wired Perforating Gun to customers for use throughout the Permian Basin in Texas, which is primarily located within the Western District of Texas, including in Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties. Neither Yellow Jacket nor G&H have identified any specific interest the Southern District of Texas has in adjudicating either action. Taken together, principles of comity and sound judicial administration strongly favor dismissal or, alternatively, transfer to the Western District of Texas for joinder with the first-filed Yellow Jacket action.

## IV.     CONCLUSION

DynaEnergetics respectfully moves this Court to decline to exercise jurisdiction over this action under the first-to-file rule, or alternatively, transfer this action to the forum of the first-filed lawsuit in Western District of Texas.

Dated: February 12, 2021

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman*
Barry J. Herman (*pro hac vice* to be filed)
Maryland Federal Bar No. 26061
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Plaintiffs DynaEnergetics GmbH & Co., KG and DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie M. Nguyen (*pro hac vice* to be filed)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

                                                 */s/ Megan C. Moore*
                                                 Megan C. Moore