IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-376 |
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
under Rule 26(f) of the Federal Rules of Civil Procedure

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.**

   The Rule 26(f) conference took place telephonically on February 25, 2021. The following counsel for the Parties attended:

   **Counsel for the Plaintiff:**
   Steven Jugle
   State Bar No. 24083280
   Michael McBride
   State Bar No. 24065700
   AHMAD, ZAVITSANOS, ANAIPAKOS,
   ALAVI & MENSING, P.C.
   1221 McKinney Street, Suite 2500
   Houston, Texas 77010
   (713) 655-1101

   **Counsel for Defendants**
   Stephanie M. Nguyen (*pro hac vice*)
   DC Bar No. 1046300

1

Womble Bond Dickinson (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Womble Bond Dickinson (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363

Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Moyles IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. v. Yellow Jacket Oil Tools, LLC and G&H Diversified Manufacturing, LP, 6-20-cv-01110, Western District of Texas.

   Plaintiff's Statement: DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. have asserted the patent at issue in this case and alleged infringement by products manufactured and sold by G&H Diversified Manufacturing, LP.

   Defendants' Statement: DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. first filed in the Western District of Texas a lawsuit asserting the same the patent at issue in this case against Yellow Jacket Oil Tools, LLC, which is a related entity where G&H Diversified Manufacturing, LP is the sole member. G&H Diversified Manufacturing was named as a co-defendant in an Amended Complaint.

3. **Briefly describe what this case is about.**

   Plaintiff's Statement: This is a declaratory judgment action for non-infringement of U.S. Patent 10,844,697. G&H Diversified Manufacturing, LP ("G&H") manufactures and sells perforating guns under the trade name Yellow Jacket Oil Tools. On September 11, 2020, Defendants addressed a letter to Jimmy Kash, the president of G&H, accusing certain perforating guns manufactured by G&H of infringing U.S. Patent 10,844,697. On December 4, 2020 Defendants filed a lawsuit in the Western District of Texas against Yellow Jacket Oil Tools, LLC alleging infringement of U.S. Patent 10,844,697 by the Yellow Jacket Oil Tools branded perforating guns

manufactured and sold by G&H. Yellow Jacket Oil Tools, LLC is wholly owned by G&H, but does not, and has not ever, conducted any business and does not manufacture or sell perforating guns. G&H subsequently filed this Declaratory judgment action on December 14, 2020. G&H's principal place of business, engineering staff, and the manufacturing facility for products accused by Defendants in the Western District of Texas lawsuit are located within the Southern District of Texas.

Defendants' Statement: This is a second-filed patent lawsuit that Plaintiff G&H filed in order to avoid the venue of the first-filed patent lawsuit that Defendants filed in the Western District of Texas. On December 4, 2020, Defendants filed a patent infringement lawsuit in the Western District of Texas against Yellow Jacket Oil Tools, LLC ("YJOT") and now G&H, who was added as a defendant to the Western District of Texas lawsuit with an amended complaint on February 12, 2021. The Western District of Texas patent infringement lawsuit and this present action both cover the same asserted patent (U.S. Patent 10,844,697) and same infringing product (YJOT Pre-Wired Perforating Gun). Furthermore, YJOT and G&H have manufactured, distributed, sold, and/or offered to sell the YJOT Pre-Wired Perforating Gun to customers for use throughout the Permian Basin in Texas, which is primarily located within the Western District of Texas, including in Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties.

4. **Specify the allegation of federal jurisdiction.**

   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because G&H's claims for declaratory relief arise under 35 U.S.C. § 101, *et seq*.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   Defendants disagree with Plaintiff's jurisdictional allegations, which were premised on a false representation that Defendants sent a letter on September 11, 2020 to G&H, (Dkt. No. 1 at 3). There was no subject matter jurisdiction at the time Plaintiff filed suit. However, G&H has now represented that it bears responsibility for the manufacture and/or sale of the infringing products, and thus Defendants do not contest jurisdiction. Defendants have filed a Motion to Dismiss or, Alternatively, to Transfer to the Western District of Texas (Dkt. No. 16), though, because this action should not proceed in light of the first-filed Western District of Texas action.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff's Statement: Plaintiff does not anticipate adding any additional parties.

3

> Defendants' Statement: Defendants may add Yellow Jacket Oil Tools, LLC as a counterclaim defendant in this action, and may also add one or more of Plaintiff's customers who have used the infringing products.

7. **List anticipated interventions.**

    The Parties do not anticipate any interventions.

8. **Describe class-action issues.**

    There are no class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made initial disclosures. The parties will make their initial disclosures by the initial pretrial conference on March 11, 2021.

10. **Describe the proposed agreed discovery plan, including:**

    **a. discovery is needed on the following subjects:**

Plaintiff's Statement: It is Plaintiff's understanding that Defendants' motion to dismiss does not delay the deadline for their answer. Plaintiff expects Defendants to file an answer on March 5, and Plaintiff anticipates that this answer will include counterclaims of infringement. These subjects anticipate such a filing.

Plaintiff anticipates discovery will be needed into the following subjects: Inventorship, conception, and reduction to practice of U.S. Patent 10,844,697. Any products which Defendants claim practice U.S. Patent 10,844,697. Prior art publications and systems. Licensing rates for U.S. Patent 10,844,697 and for patents in the same field of technology.

Defendants' Statement: Defendants' position is that Defendants' Motion to Dismiss or, Alternatively, to Transfer to the Western District of Texas (Dkt. No. 16) should be treated as a Rule 12(b) motion, therefore, Defendants are not required to answer on March 8, 2021. *See, e.g., Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-CV-3798-L, 2013 WL 6388563 (N.D. Tex. Dec. 5, 2013) (granting defendant's motion to transfer under the first-to-file rule, and holding that defendant's first-to-file motion triggered automatic extension of the defendant's answer date under Rule 12(a)(4).)

Defendants anticipate discovery will be needed into the following subjects: Infringement by the YJOT Pre-Wired Perforating Gun, and any other product manufactured, distributed,

or sold by Plaintiff that practices and infringes U.S. Patent 10,844,697; Plaintiff's willfulness and state of mind in its infringing activity; infringement by Plaintiff's customers and third parties; all facts related to the calculated of damages entitled by Defendants, including Plaintiff's financial statements, sales numbers, and profits.

> b. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:

Plaintiff's Statement: Under the Plaintiff's propose scheduling order, parties bearing the burden of proof on an issue will designate their experts and serve expert reports by 16 weeks after issuance of the Markman Order.

Defendants' Statement: Under the Defendants' proposed scheduling order, parties bearing the burden of proof on an issue will designate their experts and serve expert reports by December 16, 2021 (about 8 weeks after issuance of the Markman Order).

> c. the date experts for defendant will be designated and their reports provided to opposing party:

Plaintiff's Statement: Under the Plaintiff's propose scheduling order, parties not bearing the burden of proof on an issue will designate their experts and serve expert reports by 20 weeks after issuance of the Markman Order.

Defendants' Statement: Under the Defendants' proposed scheduling order, parties bearing the burden of proof on an issue will designate their experts and serve expert reports by January 13, 2022 (about 12 weeks after issuance of the Markman Order).

> d. the date discovery can reasonably be completed:

Plaintiff's Statement: Provided that Discovery, excepting claim construction and system prior art discovery, is stayed until after the Court has issued its Markman ruling, Plaintiff believes it can reasonably complete discovery within seven months of the Markman ruling.

Defendants' Statement: Defendants disagree with Plaintiff that that discovery should be stayed until after the Court issued its Markman ruling, because Defendants believe discovery into Plaintiff's infringing gun systems is imperative and urgent with Plaintiff's continuing infringement causing irreparable harm to Defendants.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff requests a discovery plan based on the "Proposed Patent Case -Scheduling Order" as is posted on the Court's website (Ex. A).

Defendants note that Plaintiff made several changes to the "Proposed Patent Case – Scheduling Order" as is posted on the Court's website to accommodate its bifurcation request and extend the deadline for discovery by several months. Therefore, Defendants do not agree with Plaintiff's proposed schedule. Instead, Defendants propose a discovery plan that is the same as the "Proposed Patent Case – Scheduling Order" as is posted on the Court's website.

Plaintiff's Statement: Plaintiff believes that the Court's claim construction will be foundational to the issues in this case and may end up being dispositive of Defendants infringement claims, should they bring them. To promote the just, speedy, and inexpensive determination of this case, which is largely centered around issues of patent law, Plaintiff requests a temporary stay of all discovery unrelated to claim construction and prior art until after the Court's Markman hearing. This bifurcation will reduce the chance of the parties incurring significant discovery costs on issues that later become moot under the Court's claim construction ruling. To allow Plaintiff to promptly supplement its invalidity contentions early in this case, Plaintiff believes that discovery into system prior art should not be stayed pending the Court's Markman hearing. Plaintiff notes that at least one other court in the Southern District of Texas has entered bifurcated discovery on a party's request. *See, e.g.*, *Nexus Perforating LLC v. C&J Energy Services, Inc.*, No. 4:20-cv-01539, Aug. 27, 2020 Minute Entry (S.D. Tex. Aug 27, 2020). Plaintiff's request for bifurcated discovery has no bearing on the jurisdiction of this case or on Defendants' Motion to Dismiss or, Alternatively, to Transfer to the Western District of Texas (Dkt. No. 16).

Defendants' Statement: First, Defendants note that Plaintiff's request for bifurcation is similar to the discovery procedure under the Order Governing Procedure set by Judge Albright, who is overseeing the first-filed YJOT/G&H patent infringement lawsuit in the Western District of Texas. Therefore, Plaintiff's bifurcation request provides additional justification for the dismissal or transfer of this action to the Western District of Texas.

Second, to the extent this matter is not dismissed or transferred to the Western District of Texas, Defendants do not agree with Plaintiff's bifurcation proposal, and disagree that claim construction will be "foundational" or "dispositive" of the infringement claims. Discovery into Plaintiff's infringing gun systems is imperative and urgent, and Plaintiff's continuing infringement has and will continue to cause irreparable harm to Defendants. Discovery into Plaintiff's financial records and sales is also important and time-sensitive to assess the scope of Plaintiff's willfully infringing activity.

Lastly, Defendants note that if Plaintiff's bifurcated discovery request is accepted, Defendants believe provision 2(a)(iii) of the Discovery Order relating to the timing of computation of damages should be removed (Ex. B).
.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery beyond initial disclosure has yet been undertaken.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed but were unable to resolve the case at the Rule 26(f) meeting. The parties are amenable to further settlement discussions.

14. **Describe what each party has done or agreed to do to bring about a prompt resolutionof this dispute.**

Plaintiff and Defendants both believe a mediation at a reasonable time after discovery and Markman may aid in bringing about a resolution to this dispute.

15. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff and Defendant are amenable to alternative dispute resolution techniques, such as mediation before a district judge or a private mediation, after Markman and Discovery are complete.

16. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.**

The parties do not consent to a trial before Magistrate Judge Edison.

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

18. **Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

Plaintiff and Defendants believe the following number of hours will be adequate to try this case: 5 hours for jury selection, 15 hours per side for presentation of evidence, 1.5 hours to charge the jury, 30 minutes per side for opening statements, 45 minutes per side for closing statements.

19. **List pending motions that could be ruled on at the initial pretrial conference.**

<u>Plaintiff's Statement</u>: Plaintiff does not believe there are any pending motions in a position

to be ruled upon at the initial pretrial conference.

Defendants' Statement: Defendants' pending Motion to Dismiss or, Alternatively, to Transfer to the Western District of Texas (Dkt. No. 16) may be ruled upon at the initial pretrial conference.

20. **List other motions pending.**

Defendants' Motion to Dismiss or, Alternatively, to Transfer to the Western District of Texas (Dkt. No. 16)

21. **Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

Plaintiff's Statement: Plaintiff desires to enter the Southern District of Texas Protective Order for Patent Cases as found on the Court's website (Ex. C), modified to include the following prosecution bar:

> *Prosecution Bar*
>
> *(a) Notwithstanding any other provisions of this Protective Order, under no circumstances shall any person employed by, related to, or representing the parties, who has received Protected Materials specifically designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" engage in any Prosecution Activity (as defined below) with respect to the subject matter of the asserted patent, including perforating guns, wireline subs, or wireline tools. Furthermore, any person receiving information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall not engage in any Prosecution Activity involving any application related to any of the patents-in-suit. The provisions of this paragraph do not apply where a party discloses its own Protected Materials to an individual not designated under this Order to receive such materials. These restrictions shall apply from the time of receipt of Protected Materials designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" through and including two (2) years following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all Parties in this action.*
>
> *(b) Prosecution Activity shall mean: (1) preparing and/or*

8

> *prosecuting any patent application, or portion thereof, whether design or utility, either in the United States or abroad; (2) preparing patent claim(s) for any application or patent, including amendments to such claims; or (3) providing advice, counsel, or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s). For the avoidance of doubt, the proscribed activities described herein are intended to include formulation of broadening claims relating to the Protected Material designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION," but are not intended to preclude participation in post-grant proceedings, including reexaminations, reissues, post-grant review, or inter partes review, to the extent of (1) defending a claim of any patent of that person's client, including a patent-in-suit, against any assertion of invalidity or unpatentability, and/or (2) filing or requesting such a proceeding and participating in said proceeding thereafter. In addition, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution. Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding third party system or product that was publicly known, on sale, or in public use as of the relevant priority date, unless such materials are designated as Protected Materials by that third party or are subject to confidentiality obligations owed to that third party.*

Plaintiff believes the prosecution bar is necessary because Defendants' litigation counsel in this case, Moyles IP, LLC, is also Defendants' patent prosecution counsel listed on U.S. Patent 10,844,697, and presumably Defendants' patent prosecution counsel for the two pending continuations of U.S. Patent 10,844,697 as well as for other patent applications Defendants are pursuing in the same field of technology. Defendants maintain that discovery from Plaintiff early in the case regarding details of the allegedly infringing product is "imperative and urgent." Much of this information is likely be highly confidential information to Plaintiff. Because Defendants' litigation counsel appears to be highly involved in the prosecution of Defendants' patents, including amending claims and otherwise controlling the scope and content of Defendants' patent filings, there is substantial risk of disclosure of Plaintiff's confidential competitive information. *In re Deutsche Bank Trust Co. Americas*, 605 F. 3d 1373, 1380 (Fed. Cir. 2010). Plaintiff's request for a prosecution bar has been reasonably tailored to this concern and would not prohibit Defendants' counsel from participating in post-grant proceedings, such as a PGR or IPR, that Plaintiff may file.

Plaintiff desires to enter the attached proposed E-Discovery Order, based on Judge Eskridge's Standard E-Discovery Order (Ex. D).

Defendants' Statement: Defendants agree to enter the Southern District of Texas Protective Order for Patent Cases as found on the Court's website, but Defendants do not agree that a prosecution bar is necessary for this action. The language above is not part of the District's Protective Order for Patent Cases, and Plaintiff points to no compelling reason to depart from the standard Order. Plaintiff's proffered justification for a prosecution bar is insufficient and presents a case no different from the vast majority of patent cases throughout the country. Mere involvement of prosecution counsel in a litigation is no adequate basis for implementing a prosecution bar. *Ultra Premium Servs., LLC v. OFS Int'l, LLC*, No. 4:19-CV-2277, 2019 WL 5846900, at *2 (S.D. Tex. Nov. 7, 2019) ("Representing a party in patent prosecutions alone does not make counsel a competitive decision-maker for purposes of a prosecution bar."); *see also Tech Pharmacy Servs., LLC v. Alixa RX LLC*, No. 4:15-CV-00766, 2016 WL 6071601, at *2 (E.D. Tex. Oct. 17, 2016). The Protective Order provides sufficient protection from improper disclosure or use of the parties' confidential information, and counsel of record are bound by professional and ethical standards that govern behavior and preclude the need for a prosecution bar, which unnecessarily harms the patentee from being able to enforce its intellectual property rights. *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("Such provisions are generally accepted as an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation.")

Defendants also agree to enter the proposed E-Discovery Order, based on Judge Eskridge's Standard E-Discovery Order (Ex. D).

22. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

Plaintiff filed Disclosure of Interested Parties on Dec. 29, 2020 (Dkt. No. 6).

Defendants filed Disclosure of Interested Parties on March 1, 2021 (Dkt. No. 19).

| | |
|---|---|
| */s/ Amir Alavi* | March 4, 2021 |
| Counsel for Plaintiff | Date |

Amir Alavi, *Attorney-in-Charge*
State Bar No. 00793239
Southern District of Texas Federal ID No. 20910
Todd Mensing
State Bar No.: 24013156
Southern District of Texas Federal ID No. 302944
Michael McBride
State Bar No. 24065700
Southern District of Texas Federal ID No. 3554928
Joshua Wyde
State Bar No.: 24060858
Southern District of Texas Federal ID No. 873284
Steven Jugle
State Bar No. 24083280
Southern District of Texas Federal ID No. 3633066
Colin Phillips
State Bar No. 24105937
Southern District of Texas Federal ID No. 3576569
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
tmensing@azalaw.com
mmcbride@azalaw.com
jwyde@azalaw.com
sjugle@azalaw.com
cphillips@azalaw.com

<u>*Barry J. Herman (by permission)*</u>  
Barry J. Herman (pro hac vice to be filed)  
*Attorney-in-Charge*  
Maryland Federal Bar No. 26061  
100 Light St, 26th Floor  
Baltimore, MD 21202  
WOMBLE BOND DICKINSON (US) LLP  
Telephone: (410) 545-5830  
Email: Barry.Herman@wbd-us.com  

WOMBLE BOND DICKINSON (US) LLP  
Preston H. Heard (pro hac vice to be filed)  
Georgia Bar No. 476319  
271 17th Street, NW, Suite 2400  
Atlanta, GA 30363  
Telephone: (404) 888-7366  
Email: Preston.Heard@wbd-us.com  
WOMBLE BOND DICKINSON (US) LLP  
Stephanie M. Nguyen (pro hac vice to be filed)  
DC Bar No. 1046300  
Julie C. Giardina (pro hac vice to be filed)  
Maryland Federal Bar No. 21085  
WOMBLE BOND DICKINSON (US) LLP  
100 Light St, 26th Floor  
Baltimore, MD 21202  
Telephone: (410) 545-5873  
Email: Stephanie.Nguyen@wbd-us.com  
Telephone: (410) 545-5802  
Email: Julie.Giardina@wbd-us.com  

MOYLES IP, LLC  
Lisa J. Moyles (pro hac vice to be filed)  
Connecticut State Bar No. 425652  
Jason M. Rockman (pro hac vice to be filed)  
New York Bar No. 4450953  
One Enterprise Drive, Suite 428  
Shelton, CT 06484  
Telephone: (203) 428-4420  
Email: lmoyles@moylesip.com  
Email: jrockman@moylesip.com  

<u>March 4, 2021</u>  
Date

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the March 4, 2021, a copy of the foregoing was served on all parties electronically through the U.S. District Court, Southern District of Texas ECF system to all counsel of record all of whom are Filing Users of the Court's Electronic Filing System.

                                        */s/ Steven Jugle*
                                        Steven Jugle